[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-12915
Non-Argument Calendar
_____

D.C. Docket No. 9:11-cv-80122-WPD


YAQUB JAMEEL FAHEEM,

Plaintiff-Appellant,

versus

ARMOR CORRECTIONAL HEALTH, INC., et al.,

Defendants,

NINA GAMINARA, individually,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(December 28, 2012)

Before PRYOR, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

Yaqub Faheem, a Florida prisoner, appeals pro se the summary judgment against his complaint that Nina Gaminara, a nurse at the Palm Beach County Detention Center, violated his civil rights as a pretrial detainee under the Fourteenth Amendment.  42 U.S.C. § 1983.  Faheem argues that Gaminara acted with deliberate indifference to his serious medical needs by forging his signature to obtain his medical records instead of having him transported for an appointment he had scheduled with a specialist to treat his Hepatitis C and by prescribing medication to treat his elevated triglycerides and cholesterol that Gaminara knew or should have known would exacerbate liver damage.  We affirm.

We review a summary judgment de novo, and we consider the facts and draw reasonable inferences from those facts in the light most favorable to the non-movant.  Bozeman v. Orum, 422 F.3d 1265, 1267 (11th Cir. 2005).  Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  "[G]enuine disputes of facts are those in which the evidence is such that a reasonable jury could return a verdict for the non-movant.  For factual issues to be considered genuine, they must have a real basis in the record."  Mann v. Taser Intern., Inc., 588 F.3d 1291, 1303 (11th Cir. 2009) (internal quotation marks omitted).

The district court did not err when it entered summary judgment against Faheem's complaint. Nurse Gaminara treated Faheem, who had a history of Hepatitis C, but "slightly" elevated liver enzymes, by ordering blood work to assess his liver and high cholesterol, regulating his diet and later prescribing Lopid to control his cholesterol, and ordering blood tests to monitor his liver. Faheem argues that Gaminara obtained his medical records to avoid sending him to a specialist, but Faheem fails to explain how his condition required the attention of a specialist. The affidavit of Dr. Chad Zawitz, a physician and medical expert, established that Gaminara adhered to the standard of care in her treatment of Faheem, including prescribing him Lopid. Faheem speculates that he had advanced liver disease and Lopid caused him increased knee pain and skin disorders, but test results and Dr. Zawitz's affidavit established that Faheem exhibited none of the ailments ordinarily associated with advanced liver disease and the disease could not have been caused by administering Lopid to him. Faheem complained that Gaminara should have treated his Hepatitis C with the medication Interferon, but Dr. Zawitz averred that Interferon was contraindicated for inmates like Faheem who would not be detained long enough to complete the treatment. Even if we were to conclude that Gaminara was negligent in treating Faheem, negligence is not sufficient to establish deliberate indifference. See Farrow v. West, 320 F.3d 1235, 1245 (11th Cir. 2003).

3

We **AFFIRM** the summary judgment in favor of Gaminara.